**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GARCIA, | Case No. 2:21-cv-07174-MCS-JC |
| Plaintiff, | **ORDER REMANDING CASE** |
| v. | |
| FCA US LLC et al., | |
| Defendants. | |

Plaintiff questions the Court's subject-matter jurisdiction over this matter. (Joint Rule 26(f) Report § B, ECF No. 14.) The Court ordered the parties to brief whether exercise of diversity jurisdiction is appropriate given the Court's doubts about the amount in controversy. (Order Requiring Briefing, ECF No. 15.) The parties submitted briefs. (Def.'s Br., ECF No. 18; Pl.'s Br., ECF No. 19.)

**I.     BACKGROUND**

This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA"). Plaintiff bought a 2019 Jeep Renegade (the "Vehicle") in November 2019. The Vehicle exhibited defects. Defendant was unable to timely rectify the defects and refused to replace the Vehicle or provide restitution. The Complaint seeks damages, restitution, a civil penalty, incidental and consequential damages, costs of suit and reasonable fees,

rescission, and prejudgment interest. (*See generally* Compl., ECF No. 1-2.) Plaintiff's civil case cover sheet indicates his demand exceeds $25,000. (Civil Case Cover Sheet, ECF No. 1-4.)

Plaintiff initiated this proceeding in the Los Angeles County Superior Court, No. 21STCV28476. Asserting diversity jurisdiction, Defendant removed the case to this Court. (Notice of Removal, ECF No. 1.)

## II. LEGAL STANDARDS

### A. Subject-Matter Jurisdiction

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### B. Amount in Controversy

To invoke diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## III. DISCUSSION

The parties dispute whether the amount in controversy exceeds the jurisdictional threshold. Although the civil case cover sheet indicates the amount in controversy exceeds $25,000, the amount in controversy is not clear from the face of the Complaint. Thus, Defendant must show by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.

### A. Damages

Damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The reduction is based on miles driven before the first attempted repair of the defect. *Id.*

Defendant asserts that the prayer places at least $27,821.88 in controversy, calculated as the total amount paid or payable for the vehicle ($31,078.99); plus accrued finance charges ($5,072.76); and less optional goods, services, a manufacturer rebate, and a reasonable allowance for use ($8,329.87). (Def.'s Br. 2–3.) Plaintiff does not dispute this amount, and he calculates his damages in his initial disclosures as $36,151.75. (Pl.'s Initial Disclosures 18, ECF No. 18-1; *see generally* Pl.'s Br.) The Court assumes for the sake of this analysis that Plaintiff's damages calculation of $36,151.75 is in controversy.

### B. Civil Penalties

Plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages only if Defendant's violations were willful. Cal. Civ. Code § 1794(c). However, in the jurisdictional analysis, "[t]he civil penalty . . . cannot simply be assumed"; instead, "the defendant must make some effort to justify the assumption." *D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 U.S. Dist. LEXIS 90921, at *8 (C.D. Cal. May 21, 2020) (internal quotation marks omitted) (collecting cases). Courts do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the possibility of civil damages."

*Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477, at *7–8 (S.D. Cal. Apr. 28, 2021) (collecting cases).

Defendant asserts that several federal courts sitting in California have considered the maximum civil penalty when evaluating the amount in controversy if the plaintiff pleads entitlement to the maximum penalty. (Def.'s Br. 3–4 (collecting cases).) Acknowledging a split in authority, the Court respectfully declines to follow the line of cases Defendant cites. *See Savall*, 2021 U.S. Dist. LEXIS 81477, at *6–8 (collecting cases on either side of the split, and reasoning that if "boilerplate allegations [concerning willfulness] were sufficient to defeat remand, then virtually any [SBA] action involving a new vehicle purchase would remain in federal court"). Defendant presents no evidence that a civil penalty is likely to be awarded in this case, let alone evidence justifying the maximum penalty. *See, e.g.*, *id.* at *8 ("Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded."); *Chajon v. Ford Motor Co.*, No. 2:18-cv-10533-RGK (RAOx), 2019 U.S. Dist. LEXIS 4254, at *3–4 (C.D. Cal. Jan. 8, 2019) ("As to civil penalties, while authorized under the Song-Beverly Act, Defendants have not offered any evidence to support such an award."). Defendant has not established that the requested civil penalty is more likely than not in controversy.

### C. Fees

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

Defendant submits that attorney's fees in SBA cases "routinely exceed $35,000.00." (Def.'s Br. 5; *accord* Skanes Decl. ¶ 12, ECF No. 1-1.) Irrespective of the fees commonly awarded or incurred in SBA cases, Defendant fails to provide an

4

explanation or evidence substantiating why *this* case will generate fees in that amount. *See D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *10–11 ("[M]any cases alleging violations of the Act settle early, and Defendant provides no explanation for why this case is similar to ones that went to trial. Nor does Defendant provide an estimate of the hours that will be incurred or hourly rates that would apply in this case." (internal quotation marks omitted)); *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 914 (N.D. Cal. 2020) (finding burden unmet where "Defendants fail to provide the Court with specific evidence showing the attorneys' fees *in this case* are 'more likely than not'" to bring the amount in controversy above the jurisdictional threshold). Defendant fails to establish beyond speculation the measure of attorney's fees at issue in this case.

### D. Summary

The amount in controversy is not clear from the face of the Complaint. Defendant fails to present evidence establishing that the amount in controversy more likely than not exceeds $75,000. Accordingly, Defendant has not shown the Court has subject-matter jurisdiction over the case. Remand is appropriate. 28 U.S.C. § 1447(c).

## IV. CONCLUSION

The case is remanded to the Los Angeles County Superior Court, No. 21STCV28476. The Court directs the Clerk to effect the remand and close the case.

**IT IS SO ORDERED.**

Dated: December 1, 2021

*/s/ Mark C. Scarsi*
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE